# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6527 | **DATE** | 4/28/2011 |
| **CASE TITLE** | Mason vs. SEIU Healthcare Illinois and Indiana | | |

**DOCKET ENTRY TEXT**

The Court denies plaintiff's motion to remand [# 27] and grants defendant's motion to dismiss [# 12] for the reasons stated below. This order will be converted to a final order dismissing the case with prejudice unless, by no later than May 12, 2011, plaintiff files a proposed amended complaint that complies with Federal Rule of Civil Procedure 8 and states a claim upon which relief may be granted. The case is set for a status hearing on May 18, 2011 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

*Pro se* plaintiff Linda Mason filed a one-paragraph complaint in state court in which she alleged that she is a member of a local of the Service Employees International Union; SEIU "has misrepresented me by intentionally not meeting the deadlines stipulated in the Union Constitution"; and SEIU failed to represent her by refusing to take action vis-a-vis her employer after she was threatened by another employee. SEIU removed the case to federal court on the ground that plaintiff's claim is a federal-law claim because she can sue her union, if at all, only under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. SEIU then filed a motion to dismiss the complaint for failure to state a claim. Mason has responded to the motion and has moved to remand the case to state court.

The Court denies Mason's motion to remand. Although Mason is correct that she was entitled to file the case in state court, it is equally true that SEIU was entitled to remove the case to federal court, because Mason's claim arises under federal law.

In its motion to dismiss, SEIU argues that the complaint does not allege facts sufficient to put SEIU on notice of what Mason is claiming and also does not allege facts sufficient to state a viable claim for breach of the union's duty of fair representation. A claim for breach of the duty of fair representation requires the plaintiff to show that the union's conduct toward her was arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

SEIU is correct that Mason's complaint does not provide enough information to put SEIU on notice of what it is she is claiming. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Rule 8 requires a complaint to contain sufficient factual matter to state a claim for relief that is plausible on its face). First, Mason refers to "deadlines stipulated in the Union Constitution" but gives no information about what deadlines she is referring to. Second, in connection with her contention that the Union failed to take action when she was

| STATEMENT |
|---|

threatened by a co-worker, Mason has not identified anything in the collective bargaining agreement or the SEIU constitution or by-laws that gave rise to a duty on the union's part to take action on her behalf.

In her response to the motion to dismiss, Mason has provided more factual information regarding her claim. The Court expresses no view at this time regarding whether these additional facts suffice to state a viable claim against SEIU. A plaintiff may not, however, amend her complaint via a response to a motion to dismiss. *See, e.g., Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). Rather, her allegations must be contained within her complaint or an amended complaint.

For these reasons, the Court dismisses Mason's complaint for failure to state a claim. This decision will convert to a final order dismissing the case in its entirety unless, by no later than May 12, 2011, Mason files a proposed amended complaint that complies with Federal Rule of Civil Procedure 8 and states a claim upon which relief may be granted.